1 | David Miller, SBN: 104139
MILLER & ANGSTADT
2 | A Professional Corporation
1910 Olympic Boulevard, Suite 220
3 | Walnut Creek, CA 94596
Telephone: 925-930-9255
4 | Facsimile: 925-930-7595

5 | Attorney for Defendant
ZUCKERMAN CONSTRUCTION
6 | COMPANY

7 | **UNITED STATES DISTRICT COURT**

8 | **NORTHERN DISTRICT OF CALIFORNIA**

9

10 | MICHAEL FERNANDES,                    **CASE NO. C07-3958 JL**

                           Plaintiff,       **ANSWER OF DEFENDANT**
11 |                                         **ZUCKERMAN CONSTRUCTION**
      v.                                     **COMPANY TO COMPLAINT FOR**
12 |                                         **PRELIMINARY AND PERMANENT**
                                             **INJUNCTIVE RELIEF AND**
13 | ZUCKERMAN CONSTRUCTION                   **DAMAGES: DENIAL OF CIVIL**
     COMPANY,                                **RIGHTS AND PUBLIC FACILITIES**
14 |                                         **(CIVIL CODE §§ 54, 54.1 AND 55)**
                           Defendant.        **INJUNCTIVE RELIEF PER TITLE III,**
15 |                                         **AMERICANS WITH DISABILITIES**
     _____ /              <u>**ACT OF 1990**</u>
16

17 |     Defendant ZUCKERMAN CONSTRUCTION COMPANY; (hereafter "Defendant

18 | ZUCKERMAN CONSTRUCTION") responds to the Complaint (hereafter called "Complaint")

19 | of MICHAEL FERNANDES, (hereafter called "Plaintiff" or "Plaintiff FERNANDEZ") as

20 | follows:

21 |                            **FIRST CAUSE OF ACTION**

22 |   **For damages and Injunctive Relief for Denial of Full and Equal Access to A Public**
      **Accommodation: Public Facilities At A Restaurant  (Civil Code §§ 54, 54.1 and 55))**
23 |
          1.      Responding to paragraph 1 of the Complaint, Defendant ZUCKERMAN
24 |
      CONSTRUCTION, is without sufficient knowledge or information to form a fact-based belief as
25 |
      to the truth of the allegations stated, and on that basis denies each and every, all and singular, of
26 |
      the allegations therein.
27 |
      ///
28

2.      Responding to paragraph 2 of the Complaint, Defendant ZUCKERMAN CONSTRUCTION, admits the allegations in said paragraph.

3.      Responding to paragraph 3 of the Complaint, Defendant ZUCKERMAN CONSTRUCTION, asserts that the content thereof is descriptive of this action as framed by Plaintiff and is on that basis not subject to affirmation or denial.  Subject to the foregoing, Defendant is without sufficient knowledge or information to form a fact based belief as to the truth of the allegations, and on that basis denies each and every, all and singular, of the allegations therein.

4.      Responding to paragraph 4 of the Complaint, Defendant ZUCKERMAN CONSTRUCTION, admits that this court has jurisdiction of this action.  Except as so admitted, Defendants deny each and every, all and singular, of the remaining allegations therein.

5.      Responding to paragraph 5 of the Complaint, Defendant ZUCKERMAN CONSTRUCTION, admits that venue is proper in this Court.

6.      Responding to paragraph 6 of the Complaint, Defendant ZUCKERMAN CONSTRUCTION, admits that this case arose in Concord, California, but suggests that it would be best assigned to the Court's Oakland, California division.

7.      Responding to paragraph 7 of the Complaint, Defendant ZUCKERMAN CONSTRUCTION, is informed and believes and on that basis admits the allegations therein.

8.      Responding to paragraph 8 of the Complaint, Defendant ZUCKERMAN CONSTRUCTION, notes that Plaintiff states no allegations appropriate for either affirmation or denial, and on that basis responds denies each and every, all and singular of the allegations therein.

9.      Responding to paragraph 9 of the Complaint, Defendant ZUCKERMAN CONSTRUCTION, admits that it is the lessor of the subject Restaurant.  Responding further, Defendant denies each and every, all and singular, of the remaining allegations therein.

10.     Responding to paragraph 10 of the Complaint, Defendant ZUCKERMAN CONSTRUCTION, is without sufficient knowledge or information to form a fact-based belief as

*Answer of Defendant*
*Zuckerman Construction Company.*

1    to the status and/or ability of Plaintiff and un-named "others ", and on that basis denies each and

2    every, all and singular, of the allegations therein.

3         11.    Responding to paragraph 11 of the Complaint, Defendant ZUCKERMAN

4    CONSTRUCTION, admits the substance of the cited statutes, but denies that it has violated

5    those statutes.

6         12.    Responding to paragraph 12 of the Complaint, Defendant ZUCKERMAN

7    CONSTRUCTION, admits the substance of the cited statutes but denies that it has violated those

8    statutes.

9         13.    Responding to paragraph 13 of the Complaint, Defendant ZUCKERMAN

10   CONSTRUCTION, denies that the Restaurant's restroom is "inaccessible to people in

11   wheelchairs." Responding further, Defendant is without sufficient information or knowledge to

12   form a fact-based belief as to the truth of the allegations of said paragraph, and on that basis

13   denies each and every, all and singular, of the allegations therein.

14        14.    Responding to paragraph 14 of the Complaint, Defendant ZUCKERMAN

15   CONSTRUCTION, denies its alleged "failure to create an accessible men's restroom" as stated

16   therein. Responding further, Defendant denies each and every, all and singular, of the allegations

17   therein.

18        15.    Responding to paragraph 15 of the Complaint, Defendant ZUCKERMAN

19   CONSTRUCTION, to the extent that the "acts and omissions" alleged by Plaintiff to be at the

20   Restaurant are asserted as "continuing," and the restroom facilities in question are understood to

21   be compliant with the requirements for use of wheelchair-bound individuals to the extent they are

22   physically achievable without undue and unreasonable expense, no need for injunctive relief is

23   extant, and so Defendant denies each and every, all and singular, of the allegations therein.

24        16.    Responding to paragraph 16 of the Complaint, Defendant ZUCKERMAN

25   CONSTRUCTION, is without sufficient information or knowledge to form a  fact-based belief as

26   to the truth of the allegations of said paragraph, and on that basis denies each and every, all and

27   singular, of the allegations therein.

28

*Answer of Defendant*
*Zuckerman Construction Company.*

17.    Responding to paragraph 17 of the Complaint, Defendant ZUCKERMAN CONSTRUCTION, denies that Plaintiff has been "required" to incur "attorneys fees and litigation expenses" to obtain access for himself and "other persons" and protect access for disabled persons and counter discrimination against disabled persons. Responding further, Defendant denies, each and every, all and singular, of the remaining allegations therein.

18.    Responding to paragraph 18 of the Complaint, Defendant ZUCKERMAN CONSTRUCTION, denies that there exists a need or requirement for injunctive relief as prayed for. Responding further, Defendant denies, each and every, all and singular, of the remaining allegations therein.

## SECOND CAUSE OF ACTION
### (Violation of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12101 FF)

19.    Responding to paragraph 19 of the Complaint, Defendant ZUCKERMAN CONSTRUCTION, repleads and incorporate by reference, its responses to paragraphs 1 through 18 of the Complaint, as if fully set forth herein.

20.    Responding to paragraph 20 of the Complaint, Defendant ZUCKERMAN CONSTRUCTION, admits the substance of the cited statutes and, excepting said admissions, denies each and every, all and singular, of the remaining allegations therein.

21.    Responding to paragraph 21 of the Complaint, Defendant ZUCKERMAN CONSTRUCTION, admits the substance of the cited statutes and, excepting said admissions, denies each and every, all and singular, of the remaining allegations therein, if any.

22.    Responding to paragraph 22 of the Complaint, Defendant ZUCKERMAN CONSTRUCTION, admits the substance of the cited statutes and, excepting said admissions, denies each and every, all and singular, of the remaining allegations therein, if any.

23.    Responding to paragraph 23 of the Complaint, Defendant ZUCKERMAN CONSTRUCTION, admits the substance of the cited statutes and, excepting said admissions, denies each and every, all and singular, of the remaining allegations therein, if any.

*Answer of Defendant*
*Zuckerman Construction Company.*

1    24.    Responding to paragraph 24 of the Complaint, Defendant ZUCKERMAN

2  CONSTRUCTION, admits the substance of the cited statutes and, excepting said admissions,

3  denies each and every, all and singular, of the remaining allegations therein.

4    25.    Responding to paragraph 25 of the Complaint, Defendant ZUCKERMAN

5  CONSTRUCTION, denies each and every, all and singular, of the allegations therein.

6    26.    Responding to paragraph 26 of the Complaint, Defendant ZUCKERMAN

7  CONSTRUCTION, admits that Plaintiff is "a person" under the ADA.  Excepting said

8  admissions, Defendant denies each and every, all and singular, of the remaining allegations

9  therein.

10    **AFFIRMATIVE DEFENSES**

11  FIRST AFFIRMATIVE DEFENSE

12    The First Amended Complaint and each and every cause of action asserted therein, fails

13  to state facts sufficient to constitute a cause of action against Defendant.

14    SECOND AFFIRMATIVE DEFENSE

15    Plaintiff has failed to mitigate his asserted damages by communicating the alleged

16  deficiencies of the Restaurant to Defendant or to the Restaurant, or any of them, and determine

17  whether Defendant, or any of them, have or are obligated to comply with the allegedly violated

18  statutes.

19    THIRD AFFIRMATIVE DEFENSE

20    By failing to make a reasonable inquiry to determine the facts required to support each

21  cause of action they raise, Plaintiff and his counsel have violated Rule 11 of the Federal Rules of

22  Civil Procedures, warranting the imposition of such sanctions as the Court deems appropriate.

23    FOURTH AFFIRMATIVE DEFENSE

24    Plaintiff's Complaint and each and every cause of action alleged therein is barred by the

25  doctrine of unclean hands.

26    FIFTH AFFIRMATIVE DEFENSE

27    Plaintiff's First Amended Complaint, and each and every cause of action alleged therein

28

*Answer of Defendant*
*Zuckerman Construction Company.*

1  is barred in whole or in part because, based on information and belief, the Restaurant may be

2  excluded from coverage by the statutes cited by Plaintiff in support of his claims.

3                          SIXTH AFFIRMATIVE DEFENSE

4         Plaintiff's Complaint, and each and every cause of action alleged therein, is barred in

5  whole or in part because the alleged acts of the Restaurant were taken as the result of business

6  necessity.

7                        SEVENTH AFFIRMATIVE DEFENSE

8         Plaintiff's Complaint, and each and every cause of action alleged therein, is barred in

9  whole or in part because Defendant's conduct was privileged.

10                        EIGHTH AFFIRMATIVE DEFENSE

11        Plaintiffs fail to state facts sufficient to support an award of punitive damages.

12                         NINTH AFFIRMATIVE DEFENSE

13        Plaintiff's Complaint, and each and every cause of action contained therein is barred by

14  the applicable statute of limitations.

15  WHEREFORE, Defendant ZUCKERMAN CONSTRUCTION prays that:

16        1. Plaintiff's Complaint be dismissed in its entirety with prejudice and that Plaintiff take

17  nothing by this action;

18        2. The Court issue judgment in favor of Defendant ZUCKERMAN CONSTRUCTION;

19        3. Defendant ZUCKERMAN CONSTRUCTION be awarded costs of suit, including

20  reasonable attorney's fees.

21        4. The Court award Defendant ZUCKERMAN CONSTRUCTION its attorney's fees and

22  costs, as sanctions pursuant to FRCP Rule 11.

23

24

25

26

27

28

*Answer of Defendant*
*Zuckerman Construction Company.*

1      5.  That the Court provide such other and further relief as it deems just and proper;

2

3    DATED: _Nov.20_____ , 2007           MILLER & ANGSTADT

4

                                         Respectfully submitted,

5

                                         By _____
6                                           David Miller
                                            Attorney for Defendant
7                                           ZUCKERMAN CONSTRUCTION
                                            COMPANY
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                        *Answer of Defendant*
                              7                  *Zuckerman Construction Company.*

**PROOF OF SERVICE [FRCP 5(b)(d)]**

       I am a citizen of the United States. My business address is 1910 Olympic Blvd., Suite 220, Walnut Creek, California 94596. I am employed in the County of Contra Costa where this service occurs. I am over the age of 18 years and not a party to the within action. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same as the day of collection in the ordinary course of business.

       On the date set forth below, following ordinary business practice, I served the foregoing document(s) described as:

**ANSWER OF DEFENDANT ZUCKERMAN CONSTRUCTION COMPANY TO COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES (CIVIL CODE §§ 54, 54.1 AND 55) INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**

on said date at my place of business, a true and correct copy thereof enclosed in a sealed envelope prepaid for first-class mail for collection and mailing that same day in the ordinary course of business, addressed to the parties as follows:

Thomas N. Stewart, Esq.
Attorney At Law
369 Blue Oak Lane, 2nd Floor
Clayton, CA 94517

[X]    **(BY MAIL)** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Walnut Creek, California.

[ ]    **(BY FACSIMILE)** I transmitted a true and correct copy by facsimile to the number indicated above.

[ ]    **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s) as listed above.

[ ]    **(BY OVERNIGHT DELIVERY)** I caused such envelope(s) to be delivered to an overnight delivery carrier with the delivery fees provided for, addressed to the person(s) on whom it is to be served as shown above.

[X]    **(FEDERAL)** I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on _Nov. 26_, 2007 at Walnut Creek, California

                                        _Melissa DeVay_
                                        Melissa DeVay

*Answer of Defendant*
*Zuckerman Construction Company.*